**In re HIGHGATE MANOR OF CORT-LAND and Highgate Hall of Cortland County, Inc., Debtors.**

**Bankruptcy Nos. 76–1849–L, 76–1616–L.**

United States Bankruptcy Court,
D. Massachusetts.

Aug. 21, 1981.

Mark L. Silverstein, Sp. Asst. Atty. Gen., New York City, for the State and City of New York.

Deborah A. Mann, Deputy Asst. Atty. Gen., Dept. of Law, Albany, N. Y., for Department of Health for State of New York.

Barry M. Portnoy, Sullivan & Worcester, Boston, Mass., for debtors.

Robert Somma, Goldstein & Manello, Boston, Mass., for trustees.

Jon D. Schneider, Goodwin, Procter & Hoar, Boston, Mass., for Troy Savings Bank.

Charles P. Gamer, Choate, Hall & Stewart, Boston, Mass., for Great American Management and Investment.

## MEMORANDUM ON OBJECTION OF NEW YORK STATE TO CONFIRMATION

THOMAS W. LAWLESS, Bankruptcy Judge.

The issue before the Court in this proceeding is whether the amended plan of arrangement proposed by Highgate Manor of Cortland and Highgate Hall of Cortland County, Inc. (the "Debtors") may be confirmed over the objection of a class of unsecured creditors. The objecting class of creditors is composed exclusively of the claims of New York State ("New York")[1] which have arisen as a result of alleged Medicaid overpayments made to the Debtors.

On November 16, 1979, the Debtors filed a motion to amend the plan of arrangement which had previously been filed in the proceeding and to confirm the proposed amended plan. The proposed amendment sought to divide the unsecured creditors of the Debtors into two separate classifications. One class (Class 5) would be composed of those trade creditors who had supplied essential goods and services to the Debtors shortly before the commencement

---

1. New York State filed two proof of claims in this proceeding. The first claim was filed on April 1, 1977, on behalf of the New York State Department of Health and is in the amount of $431,376.00. Subsequently, a second New York claim was filed on July 22, 1977, by the Office of the Special Prosecutor in the amount of $41,483.00. This later claim was filed in addition to the earlier filed claim and was not intended as a substitute for the earlier claim. The two New York claimants have adopted similar positions in opposing confirmation of the plan of arrangement, and hereinafter, they will be referred to collectively as "New York".

of the chapter proceedings, and the second class (Class 6) would include all the claims of New York which, as noted above, arose from alleged Medicaid overpayments. At the hearing held on the motion, I determined that in view of the fact that the issue of confirmation might require a full evidentiary hearing, it would be appropriate to first consider only the motion to amend and defer to a later date consideration of whether the amended plan, if allowed, should be confirmed. The issue of the propriety of the proposed amendment was briefed by the parties, and in an order issued February 22, 1980,[2] over the objection of New York, I allowed the motion to amend. The order further found that the amended plan of arrangement had been accepted by the requisite majorities of each class of creditor except the class containing the claims of New York (*i. e.*, Class 6).[3] New York alone objects to confirmation of the amended plan of arrangement.

Thus, at this time the issue before the Court is whether the Debtors' amended plan of arrangement may be confirmed over the objection of New York. The Debtors[4] and New York agree that the resolution of this issue is governed by Section 461(11) of the Bankruptcy Act, 11 U.S.C. § 861(11).[5] That section, commonly referred to as the cram-down provision, together with Section 468 of the Act, 11 U.S.C. § 868[6] provide that a plan of arrangement may be confirmed over the objection of a class of non-assenting creditors (*i. e.*, crammed down) as long as the objecting creditors receive adequate protection for the value of their claims.

The Debtors maintain that the amended plan of arrangement adequately protects the value of New York's claim and thus permits a cram down of the arrangement over New York's objection. The Debtors contend that in this proceeding since the total secured indebtedness owed by the Debtors substantially exceeds the value of its assets, in the absence of a plan of arrangement (*i. e.* upon a liquidation of the

2. *See*, Memorandum on Motion to Amend Plan of Arrangement.

3. In its order of February 22, 1980, the Court found that the amendment did not materially or adversely affect the interest of any creditor other than New York. The Court thus held that all creditors who had accepted the previous plan were deemed to have accepted the amended plan. In view of the fact that the previous plan had been accepted by the requisite majorities of each class of creditor, the plan as amended was found to be accepted by the requisite majorities of each class of creditor except the class containing the claims of New York.

4. Troy Savings Bank and the Great American Management and Investment of Atlanta, Georgia, the first and second mortgagees respectively joined in the Debtors motion to confirm the plan of arrangement and support the Debtors position herein.

5. Section 461(11) of the Bankruptcy Act provides:

An arrangement-----
(11) shall provide for any class of creditors which is affected by and does not accept the arrangement by the two thirds majority in amount required under this chapter, adequate protection for the realization by them of the value of their debts against the property dealt with by the arrangement and affected by such debts, either, as provided in the arrangement or in the order confirming the arrangement, (a) by the transfer or sale, or by the retention by the debtor, of such property subject to such debts; or (b) by a sale of such property free of such debts, at not less than a fair upset price, and the transfer of such debts to the proceeds of such sale; or (c) by appraisal and payment in cash of the value of such debts; or (d) by such method as will, under and consistent with the circumstances of the particular case, equitably and fairly provide such protection;

6. Section 468 provides, in relevant part:

If an arrangement has not been so accepted [unanimously accepted by the creditors], an application for the confirmation of an arrangement may be filed with the court within such time as the court shall have fixed in the notice of such meeting, or at or after such meeting and after, but not before---
(1) it has been accepted in writing by the creditors of each class, holding two-thirds in amount of the debts of such class affected by the arrangement proved and allowed before the conclusion of the meeting or before such other time as may be fixed by the court, exclusive of creditors or of any class of them who are not affected by the arrangement *or for whom payment or protection has been provided as prescribed in paragraph (11) of section 461 of this Act...* [Emphasis added].

Debtors' estates) the unsecured creditors, including New York, would receive nothing on their claims. In view of the fact that under the proposed plan of arrangement, New York will receive a distribution on its claim ($20,000.00, less the amount paid to the Class 5 creditors or approximately $15,-000.00), the Debtors conclude that New York's otherwise valueless claim is clearly adequately protected under the plan of arrangement. In support of these assertions the Debtors rely not only upon the evidence adduced at the hearing but even more significantly upon the stipulation entered into by all the parties to the proceeding on August 13, 1980.[7] In that stipulation the parties *inter alia* explicitly agreed that if the proposed plan is confirmed New York "will receive approximately $15,000 on its total disputed claims of approximately $475,000, which payment will be greater than this creditor is likely to receive from the Debtors' estate in the event of distribution of proceeds following liquidation thereof . . ." The parties further agreed that in the event of a liquidation New York would "likely receive no distribution" on its claim.

New York, on the other hand, asserts that in the context of this proceeding, "adequate protection" under Section 461(11) of the Act should be given a more expansive interpretation than simply the protection of the value of its claim. New York points out that, in addition to its status as an unsecured creditor, New York participates in the proceeding as the administrator of the New York State Medicaid Program and that it is the payments under that program which are the principal source of income and revenue for the Debtors. Based on these considerations, New York contends that it has more at stake in this proceeding than merely the value of its unsecured claim, and that its interest here includes protecting the integrity of its Medicaid Program. According to New York, therefore, if the Debtors' plan of arrangement impinges on the integrity of the Medicaid Program or otherwise violates requirements of that program, the plan would fail to satisfy the adequate protection requirement of Section 461(11) of the Act.

In this context, New York argues that since various aspects of the Debtors' plan of arrangement do have an adverse impact on the New York State Medicaid Program, the plan cannot be found to have adequately protected its interests. New York relies primarily on two aspects of the plan as demonstrating the plan's adverse impact of the Medicaid Program. First, New York points out the plan does not provide for the full recoupment by New York of all of its claim against the Debtor's for alleged pre-petition Medicaid overpayments. New York asserts that Medicaid law requires the full recovery of all Medicaid overpayments, and that any plan which does not provide for a full recoupment does not adequately protect New York. And secondly, New York contends that the plan provides for certain increased payments to the Debtors' mortgagees which are not reimbursable under the Medicaid Program. New York maintains that the impact of such unreimbursable payments will be to divert payments from patient care and affect the feasibility of a successful arrangement. Therefore, despite the fact that it recognizes that it will receive more under the plan of arrangement on its claim than it would under a liquidation, New York nevertheless contends that it will suffer greater harm to its interests under the plan than under a liquidation. Thus, it concludes that since the plan does not adequately protect its interests the plan may not be confirmed over its objection.

■ Section 461(11) of the Bankruptcy Act requires that the plan of arrangement adequately protect the value of the objecting creditors' claims. The language of that section that "an arrangement shall provide . . . adequate protection for the realization by [the class of objecting creditors] of the value of their debts" makes explicit that the requirement of adequate protection relates specifically to the protection of the value of the creditor's claim. Thus, contrary to New York's position, the section is

---

7. The stipulation was entered as an Order by the Court on the same date.

not intended to require a plan of arrangement to protect a creditor in every conceivable way. The Debtors have correctly asserted herein that the issue involves a valuation of New York's claim and a determination of whether the plan adequately protects the value of that claim.

 I reject the position asserted by New York that the adequate protection requirement contained in § 461(11) is to be read expansively so as to require a plan of arrangement to protect all possible interests of an objecting class of creditors. Thus, the arguments offered by New York that the Debtors' plan of arrangement fails to provide adequate protection on the grounds that it does not provide for a full recoupment of Medicaid overpayments [8] or that the plan proposes certain payments to mortgagees which may not be reimbursable [9] are not relevant to the consideration of the issue of valuation and the determination of adequate protection under § 461(11).

Turning to the circumstances of the present proceeding, the issue of the valuation of New York's claim has been settled by the stipulation entered into by the parties. In view of that stipulation together with the evidence which demonstrated that the total secured indebtedness owed by the Debtors exceeded their assets, in the absence of a plan New York's claim is without value. *In re Hamburger,* 117 F.2d 932 (6th Cir. 1941). Moreover, it is beyond dispute that New York will receive more on its claim under the plan of arrangement than it receive under a liquidation. I find that in these circumstances the Debtors' plan of arrangement provides adequate protection for the value of New York's claim, and therefore pursuant to §§ 461(11) and 468, the plan may be confirmed over the objection of the class of creditors containing New York's claims.

---

**8.** On this point the Court notes that New York's argument that it should be able to recoup the full amount of its pre-petition claim would in essence elevate New York from its position as a general unsecured creditor to that of a creditor with priority status. The Court has not been directed to any statute or case and can find no basis for granting such priority status to claims for Medicaid overpayment. The Court specifically rejects this assertion by New York. Priority status must be specifically created by the Bankruptcy Act. *See, In re Mammoth Mart, Inc.* 536 F.2d 950 (1st Cir. 1976); *In re Chicago Express, Inc.,* 332 F.2d 276, 278 (2nd Cir. 1964).

**9.** New York's claim that certain payments might not be reimbursable by Medicaid concerns the question of feasibility and not adequate protection. Regardless of that fact however, the Court notes that even if feasibility were at issue here, sufficient evidence was adduced on this point to demonstrate that even if certain payments to mortgagees are not reimbursed the Debtors' will receive sufficient payments from their private patients to cover the additional payments to the mortgagees. Furthermore, in any event, New York has not demonstrated how it would be harmed whether or not it chooses to reimburse such expenses.